IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PACHECO,

       Plaintiff,                        No. CIV S-06-2127 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.                    ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated August 8, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of degenerative disc disease of the lumbar and cervical spine, possible mild osteoarthritis of the shoulders and hips, possible mild depression and borderline intellectual functioning but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform unskilled light work with certain limitations; plaintiff cannot perform his past relevant work; and based on the testimony of a vocational expert, there are a significant

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

number of jobs in the national economy that plaintiff could perform; and plaintiff is not disabled. Administrative Transcript ("AT") 34. Plaintiff contends the ALJ erroneously found he does not meet or equal Listing 12.05C.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends he meets or equals the requirements for Listing 12.05C (Mental Retardation). The Social Security Regulations "Listing of Impairments" is comprised of

impairments to certain categories of bodily systems and/or diseases severe enough to preclude a person from performing gainful activity.  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990); 20 C.F.R. § 404.1520(d).  Conditions described in the listings are considered so severe as to be irrebuttably presumed disabling.  20 C.F.R. § 404.1520(d).  In meeting or equaling a listing, all of the requirements of that listing must be met.  Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim.  To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment.  20 C.F.R. § 404.1526.  A finding of equivalence must be based on medical evidence only.  20 C.F.R. § 404.1529(d)(3).

As a prerequisite to a finding of disability under Listing 12.05, subaverage general intellectual functioning with deficits in adaptive behavior must initially be manifested before age 22.[2]  20 C.F.R. Part 404, Subpt. P, App.1, § 12.05.  Under Listing 12.05C, once the prerequisite is satisfied, a plaintiff is presumptively disabled if he or she has a "valid, verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function."  Id.

/////

---

[2] Section 12.00A states in pertinent part that "[l]isting 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of criteria, we will find that your impairment meets the listing." 20 C.F.R. Part 404, Subpt. P, App.1, § 12.00A (emphasis added).

    The ALJ acknowledged that plaintiff had IQ scores in the 60-70 range[3] and that plaintiff also has a severe physical impairment. AT 28, 29, 294. The ALJ found, however, that plaintiff failed to demonstrate deficits in adaptive behavior during the developmental stage and thus failed to meet or equal the prerequisite of Listing 12.05. AT 29. There is substantial evidence in the record that plaintiff does not meet the diagnostic description of mental retardation as set forth in the regulation.

    As noted by the ALJ, the examining and state agency physicians diagnosed borderline intellectual functioning, not mental retardation. AT 29, 291, 319, 343. The ALJ also relied on plaintiff's ability to perform a number of common activities inconsistent with mental retardation, including working for several decades, living on his own, managing his own finances and household, managing his own support, preparing simple meals and managing his own personal care. AT 28, 29, 134, 420; see 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C)(1) (stating that adaptive functions include "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [one's] grooming and hygiene, using telephones and directories, and using a post office"). The testifying expert stated plaintiff's mental condition was probably unchanged since childhood. AT 419. Because there is substantial evidence that plaintiff did not have deficits in adaptive functioning during the developmental stage, there is substantial evidence that he does not meet listing 12.05C.

/////
/////
/////
/////
/////
/////

---

[3] The validity of the IQ scores was called into doubt by Dr. Walter, the testifying consulting clinical psychologist. AT 418.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and
2. The Commissioner's cross-motion for summary judgment is granted.

DATED: March 27, 2008.

_____
U.S. MAGISTRATE JUDGE

006/pacheco.ss